UNITED STATES DISTRICT COURT

EASTERN DISTRICT COURT OF LOUISIANA

| DOUGLAS CLAYTON | * | |
|---|---|---|
| | * | CASE NO. 2:11-cv-02276-HGB-KWR |
| Plaintiff | * | |
| | * | SECTION C |
| versus | * | |
| | * | JUDGE BERRIGAN |
| JOHN W. STONE OIL | * | |
| DISTRIBUTOR, LLC | * | MAGISTRATE 4 |
| | * | |
| Defendant | * | MAGISTRATE ROBY |
| | * | |

* * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DECLARATION OF THOMAS J. WILLIS JR.

COMES NOW JOHN W. STONE OIL DISTRIBUTOR, LLC, ("Stone Oil" or "Defendant"), through undersigned counsel, and submits this Opposition to Plaintiff's Motion to Strike the Declaration of Thomas J. Willis Jr.[1]

Plaintiff claims that pursuant to Fed. R. Civ. P. 56(c), the Declaration of Thomas J. Willis Jr. ("Mr. Willis") should be struck – specifically, ¶ 10:[2]

> I have terminated other employees for leaving the vessel during their hitch without authorization, including:
>
> - A white employee on 7/8/2012 for walking off the boat after refusing to follow a captain's order;

---

[1] "Prior to December 1, 2010, the proper method by which to attack an affidavit was by filing a motion to strike." *Cutting Underwater Techs. USA, Inc. v. Con-Dive, LLC*, 2011 U.S. Dist. LEXIS 29325 (E.D. La. Mar. 22, 2011). "Under the now-applicable Rule 56(c)(2), however, it is no longer necessary for a party to file such a motion; instead, the party may simply object to the material." Id.

[2] Plaintiff only takes issue with paragraph 10 of Willis' declaration. "The rule is settled that on a motion for summary judgment a court will disregard only the inadmissible portions of a challenged affidavit offered in support of or opposition to the motion and will consider the admissible portions in determining whether to grant or deny the motion." *Lee v. National Life Assurance Co.*, 632 F.2d 524, 529 (5th Cir.1980).

1

- A white employee on 2/3/2010 after walking off the boat onto shore mid-hitch, saying he was tired of this life.

(Doc. 28-3, p. 48 of 48). Plaintiff's counsel's sole argument for striking the declaration she received prior to Mr. Willis' deposition is that ¶ 10 is not based on his "personal knowledge." As proof, she argues that, during Mr. Willis' deposition, he testified he "had no recollection of the names of these terminated employees, the boats on which they worked, or whether they had previously filed EEOC complaints against the Company." (Doc. 39-2, p. 49-52). Further, in a confusing line of deposition questions, Mr. Willis testified Human Resource Manager Marissa Andrews provided him information that helped him determine the dates the employees were terminated. (Doc. 39-2, p. 51-52).

## Argument

Mr. Willis' declaration was based on personal knowledge and Plaintiff's Motion to Strike should be denied.

Contrary to Plaintiff's assertion that Mr. Willis' declaration "does not state that he has personal knowledge" of the fact contained in the declaration (Doc. 39-1, p.2 n.1), in ¶ 12 of his declaration Mr. Willis clearly declares "the statements contained in this Declaration are true and correct and ***based on my personal knowledge***." (Doc. 28-3, p. 48 of 48). That is, as stated in his declaration, Mr. Willis, the "Executive Vice-President" of the company, _made the decision_ to terminate the employment of two white employees for walking off a boat; it almost goes without saying he has *personal knowledge of a decision he made*.[3] *See People v. Madson*, 638 P.2d 18

---

[3] "Personal knowledge [for purposes of a declaration] may be demonstrated by showing that the facts stated 'reasonably' fall within the 'sphere of responsibility' of the affiant as a corporate employee." *Cutting Underwater Techs. USA, Inc. v. Con-Dive*, LLC, 2011 U.S. Dist. LEXIS 29325 (E.D. La. Mar. 22, 2011) *citing DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (*quoting Hodges v. Exxon Corp.*, 563 F. Supp. 667, 669 (M.D. La. 1983)); *see also Rutledge v. Liab. Ins. Indus.*, 487 F. Supp. 5, 7 (W.D. La. 1979) ("An official title alone is enough

(Colo. 1981) (noting one commentator described "personal knowledge" as establishing **"**I remember that I perceived thus and so. . .").

Plaintiff's arguments – that Mr. Willis did not remember the employees' names, their boat, if they filed an EEO charge or whether he terminated their employment in person – is irrelevant; it does not refute, in any way, Mr. Willis' declaration that he made the decision to terminate the employment of the two white employees for walking off a boat. Mr. Willis even confirmed his "personal knowledge" in his deposition when he testified "I remember doing these things." (Doc. 39-2, p. 51-52). The declaration and testimony establishing Mr. Willis' "personal knowledge" of the decision to terminate the white employees is clear and his answers to plaintiff's confusing and misleading line of questioning in the deposition does not change that. *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386-87 (5th Cir. 2000)("A Motion to Strike an Affidavit is proper where the court finds a direct contradiction, and no explanation is offered.").[4] Here, however, there is no contradiction. Instead, at the time of deposition, Mr. Willis simply stated that he could not recall particular details of the individual employees.

A later failure to recall the particular details under a deposition examination does not mean that Mr. Willis does not have personal knowledge that he terminated two white employees for leaving their assigned boat without authorization. *See Burton v. Buckner Children & Family Servs.*, No. 3:02-CV-0415, 2003 U.S. Dist. LEXIS 8951, 13-14 (N.D. Tex. May 28, 2003) (Disregarding Plaintiff's argument that witness did not have requisite "personal knowledge" in

---

to indicate the basis of personal knowledge . . . ."); Lang v. Directv, Inc., 2011 U.S. Dist. LEXIS 150047 (E.D. La. Dec. 30, 2011)("declarants can have personal knowledge about others by virtue of their job duties.").

[4] In the event the Court finds it necessary to strike this portion of Mr. Willis' declaration, pursuant to Fed. R. Civ. P. 56(e)(1), Defendant respectfully requests this Court permit Defendant to supplement its Motion for Summary Judgment and Mr. Willis' declaration by providing copies of the two white employees' termination documentation.

an affidavit which stated that the witness terminated an employee based on a complaint he received, but he could not remember the name of the complaining individual. "Merely because [witness] could not remember the name of the complaining individual does not mean that he does not have personal knowledge of the complaint itself.") Moreover, Plaintiff's motion includes a red herring regarding whether Mr. Willis knew of an EEO complaint regarding these two employees. His declaration did not purport to know whether either of the two employees previously filed an EEO complaint.

Wherefore, Plaintiff's Motion to Strike should be denied.

Respectfully submitted, this 21st day of August, 2012.

*/s/ Heather F. Crow*
Ernest R. Malone, Jr., T.A. (La # 9066)
Heather F. Crow  (La # 33080)
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA  70163
Telephone:  (504) 524-4162
Facsimile:  (504) 596-4189
E-Mail:  erm@kullmanlaw.com
E-Mail:  hfc@kullmanlaw.com

Robert R. Johnston (#22442)
George J. Fowler, III (#5798)
**FOWLER, RODRIGUEZ VALDES-FAULI**
400 Poydras Street, 30th Floor
New Orleans, LA  70130
Telephone:  (504) 523-2600
Facsimile:  (504) 523-2705

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I certify that on August 21, 2012, I electronically filed the foregoing Motion of Defendant, using the CM/ECF Filing System which will send notification of such filing to the following:

                                  Marynell L. Piglia
                                  Melanie Lockett
                                  701 Poydras Street, Suite 3600
                                  New Orleans, LA  70139
                                  mpiglia@lshah.com
                                  mlockett@lshah.com


                                  */s/ Heather F. Crow*